# UNITED STATES

v.

**Sergeant James H. REED, II, FR 307–68–9398 United States Air Force.**

## ACM 22814.

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 May 1980.
Decided 13 May 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens, and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Frederick J. Sujat, Jr., USAFR.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

PER CURIAM:

Tried by general court-martial, consisting of members, the accused was convicted, contrary to his pleas, of a single specification of wrongful solicitation to commit robbery, a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence is a bad conduct discharge, confinement at hard labor for six months,

forfeiture of $200.00 per month for six months and reduction to airman basic.

We agree with the defense's contention that erroneous rulings by the military judge excluded relevant defense evidence and prejudiced the accused. We set aside the findings and the sentence and order a rehearing. This resolution moots any consideration of the remaining assigned errors.

The Government's evidence against the accused showed that on a second meeting with a Mr. K, a civilian who admittedly had an extensive criminal record, the accused solicited K to rob the security police armory on Goodfellow Air Force Base, Texas, of M-16 rifles. K's testimony provided evidence of the crucial meeting. Undercover Office of Special Investigations agents testified as to later meetings between the accused and K. Their testimony and the accused's out-of-court statements circumstantially proved the accused's intent and seriousness in the solicitation offense.

In his opening statement, the trial defense counsel stated that the testimony of another civilian, Mr. S, the accused's off-base roommate and an acquaintance of K, would be the defense's case. Counsel asserted that this testimony would show the nature and extent of the relationship between S, K and the accused. Further, the witness would discuss the meetings between K and the accused and would recount conversations regarding M-16 rifles in the armory. Counsel clearly announced that S's testimony that K initiated the plan to rob the armory and sought the accused's assistance and participation in it would raise the issue of who solicited whom.

On direct examination, S stated that near the time of the offense, he was present with K and the accused and heard their conversation regarding the armory. Upon questions seeking to elicit what K said, the military judge repeatedly sustained the trial counsel's objections on the basis of hear-say. The defense counsel argued that the rule against hearsay did not apply to the comments made by K as these were part of the offense itself. Nevertheless, the military judge adhered to his rulings, and S was not permitted to state what he heard from K.

■ We hold that this evidence was admissible.* The declarations were not offered to prove the truth of the matters stated and therefore were not excludable hearsay. Manual for Courts-Martial, 1969 (Rev.), paragraph 139a. See also, Mil.R. Evid. 801(c). The declarations were offered as operative facts and circumstances of the solicitation offense. See, McCormick, Law of Evidence (1954), Sec. 228, pp. 463–464. Even if, in the broadest sense, such declarations were considered hearsay, their spontaneity and apparent sincerity qualify them for admission as an exception to the rule. Manual for Courts-Martial, 1969 (Rev.), paragraph 142d; Mil.R.Evid. 803(3). See, McCormick, Law of Evidence (1954), Sec. 268, pp. 567–568.

■ We conclude that the erroneous rulings excluded relevant evidence which the accused was entitled to present in his defense. Since this was, in the terms of the trial defense counsel, "the defense's case," and the accused's conviction rested on the credibility of K, we can not say that the denial of this evidence to the fact-finders did not prejudice the accused.

The findings of guilty and the sentence are set aside. A rehearing is ordered.

---

* In view of the subsequent rulings by the military judge, we accept the defense counsel's opening statement as the functional equivalent of an "offer of proof." See, United States v. Barbeau, 9 M.J. 569 (A.F.C.M.R.1980); United States v. Boney, 45 C.M.R. 714 (A.F.C.M.R. 1972). Counsel would be well advised however, to make an explicit offer of proof, out of the hearing of the court members, following the exclusion of proffered evidence. See, Mil.R. Evid. 103(a)(2); 103(b); and 103(c).